**REVISED November 14, 2018**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10678

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

BALDEMAR SOLIS, also known as Balt,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-242-1

Before HAYNES, HO, and DUNCAN, Circuit Judges.

PER CURIAM:*

      Baledemar Solis appeals his jury conviction for conspiracy to possess methamphetamine with intent to distribute. The district court imposed a life sentence, combined with an eight-year term of supervised release.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10678

Solis alleges six counts of error, including one for cumulative error. First, Solis objects to portions of Officer Travis Mott's testimony as violations of Federal Rule of Evidence 701.  Second, he argues that the district court committed error by overruling defense counsel's objection to Mott's unresponsive answer.  Third, Solis contends the district court committed error by overruling an objection to Mott's alleged hearsay testimony at trial.  Fourth, Solis argues that the district court erred by not allowing helpful expert testimony.  Fifth, Solis argues that the district court erred by overruling Solis's motion that the government acted vindictively by increasing Solis's sentencing exposure under 21 U.S.C. § 851.  Finally, Solis alleges that the cumulative error in his trial rendered the trial fundamentally unfair.

Normally, "[r]eview of a trial court's evidentiary ruling is for abuse of discretion, subject to harmless error review." *United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012) (citing *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011).  But if a party does not preserve error through timely and specific objections, we may review only for plain error.  *See* FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725 (1993).  Under the plain error standard, the appellant must show that there was a clear or obvious error that affected his substantial rights.  *See United States v. Rodriguez*, 15 F.3d 408, 415 (5th Cir. 1994).  We may exercise our discretion to correct such an error only if we find that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

First, Solis claims that the district court erred by admitting nine portions of Mott's testimony about the meaning of recorded phone conversations.  Mott was designated as "a probable fact and expert witness," who would testify to his investigation of Solis's activities during the offense alleged in the indictment.  The government responds that Solis did not properly preserve a Rule 701 objection for all of these statements at trial—he objected to seven of

2

the challenged portions under general speculation grounds, he did not fully articulate the reason why he objected to one portion, and he did not object at trial to the ninth portion of challenged testimony.

An officer may present lay witness opinions about the meaning of intercepted words and phrases when she has "a unique perspective and insight into the [offense] from which the jury could benefit." *United States v. Macedo–Flores*, 788 F.3d 181, 192 (5th Cir. 2015). Here, Mott is an experienced narcotics investigator who was responsible for arranging, conducting, and recording the phone calls that are the subject of this appeal. Further, an officer may testify as a lay witness regarding the meaning of specific words and terms, if the officer had extensive involvement in the underlying investigation. *United States v. Haines*, 803 F.3d 713, 728–29 (5th Cir. 2015).[1]

Solis claims that even if Mott were qualified to testify as a lay opinion witness, some of his statements were speculative and outside the permissible scope of lay opinion testimony. *See id*. at 728, 733–34 (holding that testimony purporting to explain common terms like "what," "she," "that," and "stuff," was impermissible because it went beyond the witness's personal knowledge of the investigation and "instead ventured into speculation, usurping the jury's function, which is to draw its own inferences from the evidence presented"). Solis pointed to instances where Mott testified that: (1) when Solis said "take it to your brother's," Mott believed "it" meant drugs; (2) when Solis said that he was "done with that," Mott believed "that" meant drugs and/or selling drugs; (3) when Solis denied knowing something, Mott believed he was only acting like he did not know; and (4) when another person referred to someone else as "homeboy," Mott believed it was probably a reference to Solis.

---

[1] Solis examined in detail the standard of review for this objection, but even if Solis made his objection under Rule 701 and clearly preserved it, the district court did not commit reversible error. *See United States v. St. Junius*, 739 F.3d 193, 201 (5th Cir. 2013).

No. 17-10678

While interpretation of code words by a lay witness is permissible under *Macedo-Flores*, *Haines* does not allow a lay witness to testify to the meaning of common words. *See Macedo-Flores*, 788 F.3d at 192; *Haines*, 803 F.3d at 733. This court has held that such speculation on the part of lay opinion witnesses is impermissible testimony. But Solis did not object to several of these instances at trial and, collectively, they do not rise to harmful error. Additionally, there was sufficient evidence presented at trial to sustain the conviction, even if these statements were improperly admitted. *See also United States v. Perez-Robles*, 718 F.2d 700, 700–01 (5th Cir. 1983). Therefore, even though the district court committed error by allowing such speculation, it did not rise to the level of harmful error.

Second, Solis claims that the district court erred when it allowed a government witness to testify that Solis had been previously arrested with drugs. During Mott's testimony, defense counsel asked Mott if he knew "of any other law enforcement officer that can come in here and testify that they caught him with drugs in his possession during this conspiracy?" Mott testified that while he does not know all the details, "I know of previous arrests by Mr. Solis with drugs." Defense counsel objected that Mott's statement was non-responsive and that it went beyond the scope of the question. The district court overruled the objection, stating that Mott's answer was exactly what defense counsel asked for.

Solis objects that this introduction of prior bad acts constituted error. But Solis's counsel elicited the evidence of prior bad acts, therefore the invited error doctrine applies. *See United States v. Menses-Davila*, 580 F.2d 888, 895 (5th Cir. 1978). Additionally, defense counsel did not preserve the objection; she made no mention that Rule 404(b) was the basis of the objection or that the testimony should be struck as admission of other bad acts. Therefore, under a plain error review, the district court made no reversible error. *See*

4

*United States v. Green*, 272 F.3d 748, 754 (5th Cir. 2001) (holding that invited error claims cannot be raised on appeal and that court will not reverse absent manifest injustice). *See also United States v. Lemaire*, 712 F.2d 944, 949 (5th Cir. 1983) ("[Invited error] would remove the matter from being error requiring reversal, unless the error was so patent as to have seriously jeopardized the rights of the appellant.")

Third, Solis argues that the district court committed error by allowing Mott to testify regarding statements made by a cooperating witness and co-conspirator, Wallace Stevenson. Solis properly objected to this statement as hearsay, therefore this objection is reviewed for abuse of discretion, subject to the harmless error rule. *See United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009).

Mott testified regarding the sequence of events after Mott went to Stevenson's house to arrest him. Solis objected to Mott's statement during his testimony that "as we were talking to Stevenson, he identified his source." The district court responded to the objection by saying "so far he hasn't asked him who that was, but if he does, that will be a valid objection, so don't ask it." A few questions later, Mott began to say "Stevenson told us that he had . . . ." but defense counsel successfully interrupted Mott before he could finish the statement and the prosecutor rephrased, instructing Mott, "Just say what you did." Solis maintains that Mott's testimony regarding Stevenson's statement identifying his source provided enough inferential information that it constituted harmful error. But Mott's statement does not rise to the level of inadmissible hearsay. Mott was not offering the statement as proof of who the source was, but rather offered to explain why Mott did what he did in the investigation. *See Dunigan*, 555 F.3d at 507 ("Out-of-court statements offered for another purpose, e.g., providing background information to explain the

5

actions of investigators, are not hearsay.") The district court did not commit harmful error by overruling this objection.

Fourth, Solis contends that the district court abused its discretion by excluding testimony of Michael Ware, an attorney offered as a defense expert to assist the jury by contextualizing the testimony of Solis's accomplices. The district court declined to qualify Ware as an expert, finding (1) that defense counsel essentially was offering her law partner as an expert, and (2) that Ware's testimony lacked evidentiary support. *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) ("[T]he judge has discretion in determining which factors are most germane in light of the nature of the issue, the particular expertise, and the subject of the expert's testimony."). The district court did not abuse its discretion in excluding Ware as an expert witness.

Fifth, Solis argues that the government acted vindictively when it filed a penalty enhancement under to 21 U.S.C. § 851 after Solis decided to proceed to trial. This objection was properly preserved and we review the district court's factual findings concerning claims of prosecutorial vindictiveness for clear error and its legal determinations de novo. *See United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). To make the requisite showing for prosecutorial vindictiveness, the defendant must show sufficient facts giving rise to a presumption of vindictiveness or actual vindictiveness. *Id.* The mere timing of the filing is insufficient to create a presumption of vindictiveness. *See id.* at 361–62. Solis does not bring any "objective evidence that the government acted solely to punish him for exercising his legal rights, and that the reasons proffered by the government are pretextual." *Id.* at 364; *see also United States v. Cooks*, 52 F.3d 101, 105–06 (5th Cir. 1995).

Solis also argues that § 851 was not meant to apply to him because he is not a hardened, professional drug trafficker. He offers no definition of what that might be or why he does not fit the description. However, Solis's

conclusory arguments do not provide tangible evidence to find that the government filed the penalty enhancement solely to punish him for exercising his right to a jury trial. The district court did not commit reversible error by overruling this claim.

Finally, Solis asserts that the cumulative errors rendered Solis's trial fundamentally unfair. "The cumulative error doctrine . . . provides that an aggregation of non-reversible errors (*i.e.*, plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Delgado*, 672 F.3d 320, 343–44 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted). The "doctrine necessitates reversal only in rare instances," and although "the possibility of cumulative error is often acknowledged," it is "practically never found persuasive." *Id.* at 344 (internal quotation marks and citation omitted). Where there is substantial evidence of guilt, application of the cumulative error doctrine is especially uncommon. *Id.*

Here, we did not find reversible error in any of Solis's objections. The district court did not err in overruling a hearsay objection or in overruling a non-responsive objection. While the district court did err in allowing Mott to offer speculative testimony, such error was harmless. Therefore, there cannot be cumulative error to render the trial fundamentally unfair, and this objection is overruled.

\* \* \*

Solis has failed to show that any of his objections rise to the level of reversible error, which would render his trial unreasonable. *See United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013). Accordingly, the district court's judgment is **AFFIRMED**.